Filed 10/30/20  P. v. Carel CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C090077 |
| Plaintiff and Respondent, | (Super. Ct. No. 62153291) |
| v. | |
| BRANDI ANN CAREL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Brandi Ann Carel filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## BACKGROUND

On June 27, 2017, Police Officer Kera Collins stopped a vehicle in which defendant was the front-seat passenger. The driver and back-seat passenger admitted to being on searchable probation; defendant was not, though there was a warrant out for her arrest. After a second officer arrived, Officer Kyle Gruchow, Collins asked defendant and the other two people to step out of the car. Collins and Gruchow then conducted a probation search of the vehicle.

On the front-seat passenger floorboard, Gruchow found a black, oversized purse. Looking at the purse, Gruchow saw syringes inside in "plain view." Gruchow did not know for sure if the bag belonged to defendant or the female passenger sitting in the back seat, though defendant later identified it as hers. Gruchow searched the purse. Inside the purse, Gruchow found a loaded black semiautomatic handgun and two pipes commonly used to smoke methamphetamine.

The People subsequently charged defendant with possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), and carrying a loaded, unregistered firearm (Pen. Code., § 25850, subd. (a)). Defendant moved the trial court to suppress the evidence found during the June 27, 2017 search. The People opposed the motion. Following a hearing, the trial court denied defendant's motion.

Following the denial of her motion to suppress, defendant pleaded no contest to possession of a controlled substance and being a felon in possession of a firearm. The remaining charge was dismissed along with unrelated pending misdemeanor charges. The trial court suspended imposition of sentence and placed defendant on five years formal probation. The court ordered defendant to serve 180 days in county jail and to pay various fines and fees.

Defendant appeals from the trial court's order denying her motion to suppress.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.


                                                 _____

                                                 HULL, Acting P. J.


We concur:


_____

MURRAY, J.


_____

HOCH, J.